UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTOYANE MCCALL,<br><br>                        Plaintiff,<br><br>                        v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>                        Defendants. | Civil Action No. 24-1045 (CPO) (SAK)<br><br>**OPINION** |

**O'HEARN, District Judge:**

      This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

**I.      BACKGROUND**

      Plaintiff is a state pretrial detainee currently confined in the Atlantic County Justice Facility. (ECF No. 1 at 1-2.) In his complaint, Plaintiff contends that the named officer Defendants improperly searched him, falsely arrested him, falsely imprisoned him, and maliciously prosecuted him. (*Id.* at 3-7.) Although Plaintiff asserts in conclusory fashion that the search, arrest, and charges were levied without probable cause or reasonable suspicion, Plaintiff provides no factual

allegations to support that conclusion in his complaint. (*Id.* at 6-7.) Instead, Plaintiff attaches to his complaint a copy of a suppression motion filed by defense counsel in his criminal action. (*Id.* at 7, 9-10.)

In the suppression motion, Petitioner's criminal counsel provides the following factual summary of the events in question. On May 8, 2023, the officer Defendants, while working in an unmarked vehicle in a known drug trafficking area, observed Plaintiff activate a key fob, and place the fob in his pocket. (*Id.* at 9-10.) The officers then "observed [Plaintiff] clutching a cell phone in one hand [and] a plastic bag in the other hand 'which contained a white rock substance [the officers] identified to be packaged [crack cocaine].'" (*Id.* at 10.) The officers then saw Plaintiff look in their direction, and attempt to conceal the crack cocaine in the waistband of his pants. (*Id.*) The officers then stopped and searched plaintiff, recovering crack cocaine, wax folds, money, and the key fob. (*Id.*) Officers used the key fob to identify an unregistered Pontiac G6. (*Id.*) After officers brought a drug dog to the scene which alerted to the presence of controlled substances in the car, they requested and Plaintiff provided a written consent to search the vehicle. (*Id.*) The search produced rubber bands, stamps, ink pads, tweezers, a stapler, tape, crack cocaine, heroin, Fentanyl, Oxycodone, Suboxone, and a large quantity of cash, as well as Plaintiff's personal items. (*Id.*)

## II.   <u>LEGAL STANDARD</u>

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**III.     DISCUSSION**

In this matter, Plaintiff seeks to raise the following claims against the named officers involved in his arrest and various state entities he believes are liable for the officer's actions: illegal search and seizure, false arrest, false imprisonment, and malicious prosecution.  Each of these claims share a common element required to state a claim for relief – that the officers involved lacked probable cause to search or arrest the plaintiff.  *See, e.g., Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014) (malicious prosecution); *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (false arrest); *Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (false imprisonment); *Gresh v. Godshall*, 170 F. App'x 217, 220-21 (3d Cir. 2006) (illegal search). On the face of his complaint, Plaintiff provides no factual support for his conclusory allegation that the police lacked probable cause to search, arrest, imprison, and charge him.  Even construing Plaintiff to have incorporated by reference the facts provided in his counsel's motion before the state criminal court, Plaintiff still fails to plead sufficient facts to support a lack of probable cause.

In the factual recitation contained in Plaintiff's state court criminal motion, he suggests that officers, in a high crime area, witnessed him holding what the officers concluded was an illegal substance – crack cocaine – which he then hid once he saw the police.  Without further factual allegations to counter the police's observations, Plaintiff has failed to plausibly plead that the police lacked probable cause, and the little facts his counsel did provide in his state criminal motion instead directly suggest that police *did* have probable cause to search Plaintiff – they witnessed him illegally in possession of crack cocaine, which he tried to hide once he saw the police.  Plaintiff has thus failed to plead facts regarding a lack of probable cause as to the illegal search, and that claim must be dismissed without prejudice.

Plaintiff's remaining claims similarly fail.  As Plaintiff's state court criminal motion directly admits, the police recovered from Plaintiff crack cocaine, and a drug dog thereafter

4

identified the presence of drugs in his car, an identification proven accurate when he thereafter consented to a search of the car and large quantities of drugs and cash were recovered from within the vehicle. Based on the drugs recovered from Plaintiff's person, and the large quantity of drugs recovered from within his vehicle, the police clearly had probable cause to arrest, imprison, and charge him. Plaintiff's remaining claims therefore fail to state a claim for which relief may be granted as Plaintiff has failed to plead facts suggesting a lack of probable cause.[1]

Finally, the Court notes that, in addition to the officers involved in his case, Plaintiff names as Defendants the State of New Jersey and the City of Atlantic City. The State of New Jersey, however, is not a person subject to suit in a civil rights matter and is in any event entitled to Eleventh Amendment immunity. *See, e.g., Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013); *Walker v. Beard*, 244 F. App'x 439, 440-41 (3d Cir. 2007); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). The State of New Jersey is therefore not a proper Defendant and is dismissed from this matter with prejudice. Turning to Atlantic City, although a municipality may be sued under § 1983 for a civil rights claim, a claim against a municipality requires that a Plaintiff plead facts showing that a municipally adopted policy, procedure, or practice is the moving force behind the alleged violation of his rights. *See e.g., City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010). As Plaintiff has identified no such policy, practice, or procedure, he fails to state a claim as to Atlantic City even had his claims otherwise stated a plausible basis for relief, and the City is dismissed without prejudice for that reason as well.

---

[1] The Court further notes that, as to Plaintiff's malicious prosecution claim, Plaintiff is required to plead facts showing that the charges terminated in his favor, which Plaintiff, whose criminal matter is ongoing, has not done. *See Halsey*, 750 F.3d at 296-97. Plaintiff's malicious prosecution claims fail to state a plausible claim for relief for this reason as well.

## IV.     CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED**, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** in its entirety, and Plaintiff shall be granted leave to file an amended complaint within thirty days.  An order consistent with this Opinion will be entered.

*/s/ Christine P. O'Hearn*
Hon. Christine P. O'Hearn,
United States District Judge

Dated: March 14, 2024